UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASADA KING,

    Petitioner,                                       Case No. 07-12011
                                                       HON. AVERN COHN

v.

MARY BERGHUIS,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 19)

I.

Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On September 8, 2010, the Court denied the petition on the merits. See Memorandum and Order Denying Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability. Doc. 14. A judgment entered that same day. Doc. 15. Petitioner did not appeal the judgment.

On March 16, 2011, Petitioner filed a "Motion to Re-Issue District Court Order Denying Petitioner's Habeas Petition," contending that he was not made aware of the denial of his petition until he received a copy of the docket sheet on January 13, 2011. The Court therefore interpreted Petitioner's motion as a motion for additional time in which to file an appeal. On March 22, 2011, the Court denied the motion, explaining that Petitioner was not eligible to extend the time in which to file an appeal under the applicable rules. Doc. 17.

Now before the Court is Petitioner's motion for relief from judgment under Rule 60(b) in which Petitioner again asks for additional time to file a notice of appeal. For the reasons that follow, the motion is DENIED.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c).

III.

As an initial matter, Petitioner's motion was signed and dated on March 7, 2012, almost a year after the Court denied his motion requesting additional time in which to file a notice of appeal. This is not within a reasonable time. The motion may be denied on this ground.

Moreover, the motion fails on the merits. Petitioner invokes subsection (b)(6) as a ground for relief. Relief under Rule 60(b)(6), however, requires a showing of "extraordinary circumstances." Petitioner's contention that the Court erred in not

permitting him an extension of time to file a notice of appeal does not meet this description. While the Court is mindful of Petitioner's difficulties in being able to litigate his case, these difficulties do not warrant Rule 60(b)(6) relief. As the Court explained in the order denying Petitioner additional time, the rules for extending time for filing an appeal, Fed. R. App. P. 4(a)(5) or 4(a)(6), do not permit an extension under the circumstances.

    SO ORDERED.

                                S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

Dated: March 16, 2012

I hereby certify that a copy of the foregoing document was mailed to Masada King, 353216, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon, MI 49444 and the attorneys of record on this date, March 16, 2012, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160